UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No. SA-05-CR-7-XR |
| JIMMY MENDOZA,  a/k/a | * | |
| Jimmy Jason Mendoza, Capone, | * | |
| Defendant. | * | |
| | * | |

UNITED STATES' RESPONSE TO DEFENDANT'S
"NOTICE TO THE COURT AND MOTION TO MODIFY ORDER"
(Incorporating Brief)

TO THE HONORABLE DISTRICT JUDGE XAVIER RODRIGUEZ:

Plaintiff United States, by and through its undersigned counsel, would show the Court:

## I.  Summary

The Defendant has moved this Court (docket entry 38) to modify the earlier agreed order revoking and reimposing his supervised release.  Except for a slight reduction in the term of reimposed supervised release, we–the United States and the probation office–oppose.

## II.  Background

On January 12, 2007, an agreed order resolved revocation proceedings in this case (docket entry 37).  The agreed order (AO)–signed by the parties, the probation office, and the Court–acknowledged the accuracy of the United States' motion to revoke (MTR, docket entry 35).  Very soon after his commencement of his three-year Class-C-firearm-felony supervised release, the Defendant committed drug-treatment violations of his supervision, which called for mandatory revocation and recommended imprisonment of 4 to 10 months.  The Defendant, however, did not

suffer adverse Court action; he remained on supervised release with increased reporting and drug monitoring (MTR, A4). Shortly thereafter, the Defendant: continued his pattern of failing to attend drug counseling and failing to submit to drug testing; possessed and used cocaine; and failed to report police questioning of him about a murder (MTR Counts 1-26). With the institution of revocation proceedings, the Defendant faced recommended revocation imprisonment of 6 to 12 months "though various factors warrant[ed] above-range imprisonment" (AO, A1-2; MTR, A1-2, 4 & n.5 (1)-(5)). The agreed order provided that the Defendant would receive revocation imprisonment of "time served," which was less than two months at the time the agreed order was filed (AO, B1-2). But the agreed order further provided that the Defendant "shall remain in custody pending his placement at a suitable halfway house[,]" where he would reside for the first four months of his 34-month term of reimposed supervised release (AO, B2-3). On or about March 21, 2007, the Defendant was placed at a suitable halfway house.

### III. Two-Month Reduction in Reimposed Supervised Release

Title 18, United States Code, Section 3583(h) dictates that the term of reimposed supervised release shall not exceed the term of supervised release authorized for the Defendant's instant federal offense (36 months), less the term of imprisonment imposed upon revocation of supervised release (almost 4 months–from his supervision-violator arrest of on or about November 28, 2006, through his halfway-house placement of on or about March 21, 2007). Accordingly, instead of 34 months of reimposed supervised release, the Defendant's reimposed supervised release should be reduced by two months for a total of 32 months.[1]

---

1/ The Defendant's request to reduce his reimposed supervised release by one year is arbitrary and does not comport with subsection (h)'s formula.

### IV.  **Mootness**

One of the Defendant's requests for relief is that he be released from custody immediately while he awaits a halfway-house placement.  Because the Defendant has been placed in a halfway house, this request is moot.

### V.  **Finality of Halfway-House Modification; Defendant Estopped from Challenging**

The Defendant asks the Court to dispense with the agreed order's four-month halfway-house residency requirement, contending that he had been confined "beyond the date the Court intended[.]" But, by design, the agreed order provided no specific date by which the halfway-house placement must commence.  AO, p.2.  As part of the agreed order, the Defendant "waive[d] his right through any means to appeal, challenge, or seek any reduction in revocation punishment assessed by" the agreed order "(unless the Defendant prove[d] prejudice from errors of constitutional magnitude involving ineffective assistance of his counsel or prosecutorial misconduct)[.]" *Id*.  The Defendant has cited no violation of the agreed order by the probation office or the United States. He has presented no legal basis for this Court to revise at his request the unappealed agreed order, which became final before he filed his instant motion.  *See* FED. R. CRIM. P. 35.  Indeed, the Defendant's terse motion cites no legal authority at all.  His current attempt to modify the agreed order violates its terms and should not be countenanced.  *See United States v. Portillo*, 18 F.3d 290, 292-93 & n.2 (5th Cir. 1994) (enforcing an appeal waiver in a plea agreement signed by the defendant and his attorney).

### VI.  **Removal of Halfway-House Condition Not Warranted**

Nor is there occasion for this Court to modify the Defendant's reimposed supervised release under 18 U.S.C. § 3583(e)(2), except as referred to in paragraph III above.  The delay in placing the

Defendant at a suitable halfway house was not unreasonable.  According to the probation office, delays of four to six weeks in securing halfway-house placements are not unusual.[2]  In this case, two reasons accounted for a lengthier delay–totaling about nine weeks from the date of the filed agreed order to the date of the halfway-house placement.  First, the Defendant's assaultive background[3] prompted a local halfway house to decline placement.   Second, the Defendant had two active state arrest warrants (speeding, failure to appear) that impeded his release.  The probation office took two extraordinary steps to enable the Defendant to be placed at a suitable halfway house: (1) it communicated directly with state authorities and caused the pending arrest warrants to be "lifted"–a measure ordinarily undertaken by a defendant's attorney without the probation office's intervention; and (2) it placed the Defendant at a halfway house in Laredo–outside the Western District of Texas–rather than have the Defendant wait longer for a within-district placement.

The Defendant's confinement in connection with the agreed order totaled less than four months.   His two series of supervised-release violations exposed him to aggregate recommended imprisonment of 10 to 22 months, and violations closest in time to the agreed order called for recommended imprisonment of 6 to 12 months with acknowledged grounds for above-range imprisonment.   Consequently, through the agreed order, the Defendant has received *less* imprisonment than recommended by the United States Sentencing Commission's revocation policy statements.  *See* USSG § 7B1.4.

---

2/ The Defendant's motion referred to the availability of bed space at The Patrician Movement and Oxford House, but those facilities are *not* halfway houses.

3/ The MTR (at p. 1, n.1) reflected the following violent crimes of the Defendant, a Mexican Mafia affiliate: January 1997 assault with bodily injury (groped a woman, then scratched her neck and caused bruises and a split lip); August 1997 assault with bodily injury (victims taken to hospital for being kicked, punched, and hit on head with a brick); and 2001 resisting arrest (broke glass from patrol car while escaping).

As envisioned at the time the agreed order was filed, the rehabilitative objective of affording the Defendant heightened monitoring and supervision through halfway-house residency, in response to his numerous supervised-release violations, remains appropriate.  Given the special challenges to achieving a halfway-house placement presented by the Defendant's criminal past, and in light of the probation office's special response in securing a suitable placement outside of this District, eliminating or reducing the halfway-house residency requirement at this juncture would afford the Defendant an undeserved windfall neither contemplated by the agreed order nor in the best interests of the public.

VII.  **Requested Relief**

The United States and the probation office urge the Court to (1) reduce the Defendant's reimposed supervised release by two months and (2) otherwise deny the Defendant's motion.

Respectfully submitted,

JOHNNY SUTTON
United States Attorney


/s/ MICHAEL R. HARDY
Assistant United States Attorney

## CERTIFICATE OF SERVICE

This is to certify that on March 26, 2007, a true and correct copy of the foregoing pleading was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to the following CM/ECF participant:  Michael J. Morris.

/s/ MICHAEL R. HARDY
Assistant United States Attorney
Pyramid Building, Sixth Floor
601 N.W. Loop 410
San Antonio, Texas  78216-5512
(210) 384-7150; FAX:  (210) 384-7118

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | |
| v. | * | Case No. SA-05-CR-7-XR |
| JIMMY MENDOZA,  a/k/a | * | |
| Jimmy Jason Mendoza, Capone, | | |
| | * | |
| Defendant. | | |
| | * | |

ORDER AMENDING AGREED REVOCATION ORDER OF JANUARY 12, 2007

On this day came on to be considered the Defendant's March 21, 2007, "Notice to the Court and Motion to Modify Order" (docket entry 38).  Also before the Court is the United States' March 26, 2007, response (docket entry 39), endorsed by the probation office.  After due consideration, the Court finds and determines, for reasons set forth in the United States' response, that:

1.  Paragraph B3 of the January 12, 2007, "Agreed Order Revoking Supervised Release and Resentencing the Defendant" (docket entry 37) is hereby amended to reflect that the Defendant's reimposed supervised-release term is 32 months rather than 34 months.  All other aspects of the agreed order remain in full force and effect.

2.  The Defendant's motion to modify the agreed order is denied.

SO ORDERED on this _____ day of _____ 2007.

_____
XAVIER RODRIGUEZ
United States District Judge